UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-10054 PA (JCx) | Date | June 15, 2022 |
|---|---|---|---|
| Title | Quang Tieu v. Unknown | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | None | | N/A |
| Deputy Clerk | Court Reporter | | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     In Chambers - Court Order

    Plaintiff Quang Tieu ("Plaintiff") filed his complaint pro se on January 30, 2021, asserting claims against a defendant Unknown. The Court issued its Order to Show Cause on May 3, 2022 because Plaintiff had not filed proofs of service indicating that he had served the defendant with the Summons and Complaint within the 90 day deadline imposed by Federal Rule of Civil Procedure 4(m). The May 5, 2022 Order required Plaintiff to respond by May 10, 2022, and it warned Plaintiff that "[f]ailure to respond to this Order may result in the imposition of sanctions, including but not limited to dismissal of the complaint." (Id.) To date, Plaintiff has not responded despite the passage of time in which to do so.

    The Court may dismiss with prejudice an action sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629–30, 82 S. Ct. 1386, 8 L. Ed. 2d 734; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

    In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-10054 PA (JCx) | Date | June 15, 2022 |
|---|---|---|---|
| Title | Quang Tieu v. Unknown | | |

    Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors dismissal)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id. The third Henderson factor of prejudice to the defendant is neutral, as continued pendency of a case alone is insufficient to find prejudice. See Yourish, 191 F.3d at 991.

    In considering the fourth and fifth Henderson factors, the Court notes that Plaintiff was warned about the consequences of failing to respond by the date set in the Court's Order to Show Cause. Nevertheless, Plaintiff has taken no action whatsoever. It therefore appears that Plaintiff has abandoned his efforts to comply with this Court's orders and prosecute this action. Additionally, the Court intends to dismiss the claims against defendant without prejudice. Accordingly, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

    The Court finds that the Henderson factors weigh in favor of dismissing this action. Accordingly, the Court dismisses Plaintiff's action without prejudice for lack of prosecution and for failure to comply with this Court's orders. See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986–88; Ferdik, 963 F.2d at 1260.

    IT IS SO ORDERED.